**Arthur TAFOLLO, Individually and d/b/a Viking Fence Company, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Appellee.**

**No. A14–86–925–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 2, 1987.

Benito Pena, Houston, for appellant.

Joseph M. Heard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This is an appeal by writ of error from a summary judgment granted in favor of appellee, Southwestern Bell Telephone Company on its suit for breach of contract. In three points of error, appellant complains that summary judgment was improper because (1) he did not receive notice of the hearing date on the motion for summary judgment; and (2) the evidence offered in support of the damages and the attorneys' fees is incompetent. We find that summary judgment was improper and, accordingly, reverse and remand the judgment of the court below.

We first note that the jurisdictional requirements for appeal by writ of error have been satisfied: (1) the petition for writ of error was brought within six months of the date of judgment; (2) by a party to the action; (3) who did not participate in the trial; and (4) error is apparent from the face of the record. *See Stubbs v. Stubbs,*

685 S.W.2d 643, 644 (Tex.1985); Tex.R. App.P. 45.

In point of error two, appellant contends that he did not receive notice of the hearing date on appellee's motion for summary judgment. Therefore, he argues that the summary judgment was improper and should be reversed. We agree.

Rule 166–A(c) of the Texas Rules of Civil Procedure provides in part:

[T]he motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.

Implicit within the requirements of Rule 166–A(c) is that the non-movant must receive notice of the hearing date for the motion. Further, that notice must be received at least twenty-one days prior to the date on which the hearing occurs. *Gulf Refining Co. v. A.F.G. Management 34 Limited*, 605 S.W.2d 346, 349 (Tex.Civ.App. —Houston [14th Dist.] 1980, writ ref'd n.r. e.). Without notice of the date specified for hearing, the adverse party cannot calculate the date on which his written response or opposing affidavits must be filed according to Rule 166–A(c).

Here, the record does not contain any evidence or documents to reflect that appellant received notice of the date set for hearing on appellee's motion for summary judgment. This is error reflected on the face of the record. Appellant's point of error two is sustained.

Because our disposition of point of error two requires reversal and remand of this cause, we need not address appellant's first and third points of error.

The judgment of the court below is reversed and remanded.