Susie CLEMONS and Leonard Clemons, Appellants,

v.

James DENSON, Appellee.

No. 01–96–01454–CV

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 25, 1998.

Rehearing Overruled Jan. 11, 1999.

Romie Neal Houston, for Appellants.

Noel Anne Lewandos, Houston, for Appellee.

Before Justices MIRABAL, HEDGES, and ANDELL.

**OPINION**

ERIC ANDELL, Justice.

The Clemonses appeal a summary judgment rendered in Denson's favor. We affirm the judgment.

## Background

The Clemonses sued Denson to recover for injuries suffered in a car wreck. On June 12, 1995, Denson moved for summary judgment on the basis that the Clemonses did not use due diligence in serving him with process. Denson set the submission date for July 3, 1995. The Clemonses filed a written response to Denson's motion, and Denson filed a reply. On August 1, 1995, Denson's attorney, Noel Lewandos, sent the Clemonses' attorney, Romie Neal, notice that the court had set a hearing on the motion for August 12. Upon discovering Neal had a vacation letter on file for August 5 through August 16, the court reset the hearing for Monday, August 19. On August 6, Lewandos sent Neal notice of this new hearing date. Neither Neal nor the Clemonses appeared at the hearing. The court granted Denson's motion for summary judgment.

Neal returned to his office from vacation on Monday, August 19. The hearing had already occurred when he accepted his certified mail, which included both Denson's original notice and the amended notice.

The Clemonses filed a "Motion to Reform Summary Judgment," claiming that they had not received notice of the hearing. The court overruled the motion. The Clemonses requested findings of fact and conclusions of law, and, later, filed notice that the findings and conclusions were past due. The court did not respond.

In 13 points of error, the Clemonses complain the court erred by: (1) refusing to set aside the summary judgment, when the Clemonses had no notice of the hearing or the issues involved; (2) rendering a default summary judgment; (3) disregarding Neal's vacation letter; (4) refusing to make findings of fact and conclusions of law; (5) denying the motion to reform the summary judgment; (6) rendering the summary judgment though the Clemonses had no notice; (7) allowing

Denson to abuse the judicial process and maliciously obtain an unlawful judgment; (8) conducting the summary judgment hearing without a court reporter; (9) rendering summary judgment though fact issues remained; (10) considering Denson's summary judgment reply; (11) ruling on proximate cause as a matter of law; (12) disregarding evidence of earlier service at their original address; and (13) disregarding evidence that Denson had avoided service.

## Procedural Posture

■ The Clemonses entitled their perfecting instrument "writ of error."[1] Had their perfecting instrument been a true writ of error, we would have dismissed this appeal because the Clemonses, having filed a summary judgment response, did not qualify for writ of error review. See Tex.R.App. P. 30. However, the Clemonses simply misnamed their appellate instrument. In substance, they bring a regular appeal within the appellate timetable.[2] An appellate court has jurisdiction over the appeal of a matter if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991); *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989). We find the Clemonses have made a bona fide attempt; thus, we will review the merits of their appeal.

## Discussion

■ In points of error one, two, and six, the Clemonses complain the court erred in rendering summary judgment for Denson.

■ Notice of the summary judgment hearing is essential to due process. *See Gonzales v. Surplus Ins. Services*, 863 S.W.2d 96, 100–01 (Tex.App.—Beaumont 1993, writ denied); *see also Tafollo v. Southwestern Bell Tel. Co.*, 738 S.W.2d 306, 307 (Tex.App.—Houston [14th Dist.] 1987, no writ).

■ Denson first sent the Clemonses notice that the court set a hearing for August 12, 1996. Denson then sent amended notice that the hearing had been reset for Monday, August 19, 1996. While the Clemonses's attorney had a vacation letter on file with the court from August 5 through August 16, 1996, nothing in the local rules or the Texas Rules of Civil Procedure precludes the scheduling of a hearing for the week after a vacation letter expires.

The Clemonses claim they received no notice of the summary judgment hearing as required by rules 21 and 166a(c).[3] As evidence that they did not receive notice, the Clemonses point to the fact that the certified mail receipts were not signed until the day of the hearing. Denson's certificate of service attached to his amended notice of oral hearing indicates that notice was sent on August 5, 1996. However, the certified mail receipts indicate they were not signed until the date of the hearing, August 19, 1996. Denson argues that an attorney who does not review his mail for two solid weeks does so at his own peril. We agree.

We overrule points of error one, two, and six.

In point of error three, the Clemonses complain the court erred by disregarding their attorney's vacation letter. Nothing in the record indicates the court disregarded the vacation letter. In fact, the court rescheduled the summary judgment hearing until the week following their attorney's vacation.

We overrule point of error three.

■ In point of error four, the Clemonses claim the court erred by not making findings of fact and conclusions of law. Findings of fact and conclusions of law have no place in a

---

1. A writ of error was an appellate remedy whereby a party who did not participate at trial could pursue an appeal outside of the normal appellate timetable. *See* Tex.R.App. P. 30. The writ of error procedure has been replaced by the restricted appeal.

2. The summary judgment was signed August 19, 1995. The motion to reform summary judgment was filed on September 3, 1996, and was orally denied. The Clemonses timely filed their notice of appeal on October 23, 1996, in accordance with the appellate timetable. Tex.R.App. P. 26.1.

3. Tex.R. Civ. P. 21 and 166a(c) (Vernon 1998).

summary judgment proceeding. *Linwood v. NCNB*, 885 S.W.2d 102, 103 (Tex.1994).

We overrule point of error four.

■ In point of error five, the Clemonses complain the court erred in denying their motion for new trial.[4]

■ We review a trial court's determination of a motion for new trial under an abuse of discretion standard. *See Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992); *Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex.1987). To determine whether the trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable."[5] *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

The Clemonses motion for new trial alleged:

1.  The Clemonses filed a timely response to Denson's motion for summary judgment.

2.  Denson misrepresented that conferences on the motion for summary judgment were held.

3.  Denson misrepresented that the Clemonses were given notice of the summary judgment hearing.

4.  Denson disregarded the vacation letter of Clemonses's attorney.

We find no evidence in the record of any misrepresentation by Denson. We also find no evidence that Denson disregarded the vacation letter.

We overrule point of error five.

■ In point of error seven, the Clemonses complain the court allowed Denson to abuse process. The Clemonses argue Denson set the hearing for the Monday following the Clemonses's attorney's vacation with the intention of depriving him of hearing notice and appearance. The Clemonses also argue Denson's notices did not comply with rule 166a(c).[6] Denson's motion for summary judgment was filed on June 12. Denson set the submission date for July 3 and did not request a hearing. However, the judge wanted a hearing. Denson initially set the hearing date for August 12, but reset the hearing for August 19. The hearing date was set in excess of 21 days after the filing of the summary judgment motion. Nothing in the record indicates Denson abused process.

We overrule point of error seven.

■ In point of error eight, the Clemonses complain the court erred in not having a court reporter present at the hearing to preserve both the appearance and reality of fairness. A request for a court reporter is neither necessary nor appropriate in the summary judgment context. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993).

We overrule point of error eight.

In point of error nine, the Clemonses complain the court erred in rendering summary judgment because fact issues remained.

Denson filed a motion for summary judgment alleging the statute of limitations barred the Clemonses' suit. The court granted the motion.

■ The dispositive question on appeal is not whether the summary judgment proof raises fact issues, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of material

---

4.  The Clemonses actually filed a motion to reform the summary judgment. A motion to reform the summary judgment is the equivalent of a motion for new trial. *See Hill v. Bellville General Hosp.*, 735 S.W.2d 675 (Tex.App.—Houston [1st Dist.] 1987, no writ).

5.  Although the Clemonses did not attend the summary judgment hearing, they filed a response, because they filed a response. Our holding in *Enernational* does not apply, because they filed a response. *Enernational Corp. v. Exploitation Engineers, Inc.*, 705 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (holding that the rule in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), that favors parties appealing default judgments, did not apply because a summary judgment is granted only if the movant's proof is sufficient as a matter of law, not because the non-movant fails to appear.)

6.  Rule 166a(c) provides that at least 21 days must pass from the date the summary judgment motion and supporting affidavits are filed and served before the court may conduct a hearing upon a motion for summary judgment. Tex.R. Civ. P. 166a(c).

fact. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

The Clemonses argue that they exercised diligence in service of process on Denson, creating a fact question as to the tolling of the limitations period. The limitations period expired on May 30, 1995, four days after the Clemonses filed their original petition. However, the Clemonses did not serve Denson until January 31, 1996, over eight months later.

■■■ The mere filing of a suit will not interrupt or toll the statute of limitations; a plaintiff must exercise reasonable diligence in procuring the issuance and service of citation to interrupt the statute. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970). When a defendant affirmatively pleads the defense of limitations, and the record shows the failure to timely serve the defendant, the burden is then upon the plaintiff to explain the delay. *Id.* at 835. Because the Clemonses failed to serve citation upon Denson within the period of limitations, they had the burden to show diligence in procuring the subsequent issuance and service of citation upon him. *See id.*

■■■ An unexplained delay in effecting service constitutes a lack of due diligence. *Id.* at 835. On May 30, 1995, the citation was issued for service on Denson at 12262 Wildpine. The citation was returned unserved because the address was incomplete. On October 27, 1995, about five months later, the Clemonses requested service on Denson at 12302 Ticonderoga. However, Denson was not served until January 31, 1996. While the Clemonses claim Denson moved from 12262 Wildpine to 12302 Ticondoroga and evaded the process server, they did not attach any affidavits supporting this claim. Nothing in the record indicates how or when the Clemonses were informed of Denson's new address, what investigative efforts were employed, or that the address was not available earlier. Even though the Clemonses requested service at Denson's new address on October 27, 1995, over three months passed before he was actually served. The Clemonses offered no explanation for this delay.

■■■ The reasonableness of a plaintiff's delay in serving citation is usually a question of fact. *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). However, if no explanation consistent with due diligence is offered, the reasonableness of a plaintiff's delay cannot be factually determined. *Id.* We have previously held that an unexplained delay for a period of six and one-half months is, as a matter of law, not due diligence in procuring the issuance and service of citation. *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex.App.—Houston [1st Dist.] 1992, no writ). Considering the unexplained eight-month delay in service, we find no error in the trial court's rendition of summary judgment.

We overrule point of error nine.

■■■ In point of error 10, the Clemonses argue that the court erred by considering Denson's summary judgment reply to their response. Nothing in the rules prohibits the court from considering a summary judgment reply.

We overrule point of error 10.

In point of error 11, the Clemonses complain the court erred in ruling on proximate cause. Due to the dispositive nature of the limitations finding, no fact issue remained relevant as to proximate cause.

We overrule point of error 11.

In point of error 12, the Clemonses complain the court erred in disregarding evidence of prior service of Denson. In point of error 13, the Clemonses complain Denson avoided service.

■■■ On May 30, 1995, the citation was issued for service on Denson. The citation was returned unserved because the address was incomplete. On October 27, 1995, the Clemonses again requested service on Denson. Denson was not served until January 31, 1996. Nothing in the record indicates that Denson had been served earlier or avoided service.

We overrule points of error 12 and 13.

We affirm the judgment of the trial court.

MARGARET GARNER MIRABAL, Justice, dissenting.

I dissent.

It is **uncontroverted** that appellant did not receive *any advance notice* of the oral hearing date for appellee's motion for summary judgment. Based on this fact, the trial court abused its discretion when it refused to set aside the summary judgment. *See LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex.App.—Houston [14th Dist.] 1998, no pet.) (upon resetting of summary judgment hearing, reasonable notice to respondent at least seven days before the hearing is required); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 (Tex.App.—Houston [1st Dist.] 1998, no pet.) (uncontroverted evidence of non-receipt of notice rebuts presumption of notice under Tex.R. Civ. P. 21a); *Birdwell v. Texins Credit Union*, 843 S.W.2d 246, 250 (Tex.App.—Texarkana 1992, no writ) (respondent is entitled to at least seven days advance notice of a reset hearing date on a motion for summary judgment).

In the present case, the trial court specifically instructed the movant that an oral hearing on the motion for summary judgment was to be set, resulting in the resetting of the submission date to a date for an oral hearing. Appellant was entitled to be present for oral argument, and was entitled to notice at least seven days before the oral hearing. In the face of the uncontroverted evidence that appellant received *no notice*[1]

until the actual day of the hearing, I would reverse the judgment and remand.[2]

---

1. I acknowledge that, under certain circumstances, a party may be deemed to have "constructive notice" even when there is no "actual notice." *See Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex.App.—Beaumont 1993, writ denied) (because respondent had engaged in repeated instances of selective acceptance and refusal of certified mail, evidencing a purposeful effort to avoid service, respondent was deemed to have constructive notice of the summary judgment hearing). In the present case, the respondent's attorney was on vacation and had duly filed a vacation letter with the court; there was no purposeful effort to avoid service.

2. Because appellant was entitled to notice, and received no notice, a harm analysis under Tex. R.App. P. 44.1 is not necessary for a reversal. Adequate notice is a fundamental element of due

process. However, I note that the summary judgment record in this case raises a fact issue about plaintiff's due diligence in obtaining service of citation, in my opinion. The original petition listed defendant's full address; the *district clerk* who prepared the citation was responsible for the "incomplete address" in the citation, not the plaintiff. When it became necessary for plaintiff to make another request for service of citation, the defendant had obviously moved; the new citation listed a different address, and the defendant was served at that new address. The record raises a fact issue. Therefore, if a harm analysis under Tex R.App. P. 44.1 (a) is considered necessary, I would conclude the trial court's error in this case probably caused the rendition of an improper judgment, and therefore is reversible.