**In the Interest of A.Y., Y.Y., D.M.Y.**

**No. 08–98–00358–CV.**

Court of Appeals of Texas,
El Paso.

Feb. 24, 2000.

John T. Garcia, El Paso, for Appellant.

Jose R. Rodriguez, County Atty., Clinton Cross, Asst. County Atty., El Paso, for State.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## O P I N I O N

ANN CRAWFORD McCLURE, Justice.

This is an appeal from an order terminating the parental rights of Dennis Bondon. In his sole point of error, Bondon complains that he received inadequate notice of the termination suit. Finding no error, we affirm.

### SUMMARY OF THE EVIDENCE

Suit was brought by the Texas Department of Protective and Regulatory Services to terminate the parent-child relationship between Dennis Bondon and his children A.Y., Y.Y., and D.M.Y. In its third amended petition, the Department alleged that it did not know the date of birth, place of birth, Social Security number, or present residence of Bondon. The petition also stated that the Department would continue to search for his whereabouts. Claudia Munoz, the caseworker assigned to the suit, discovered that Bondon had lived in Memphis, Tennessee. She attempted to locate Bondon by contacting the public utilities and a former employer. Munoz was unable to locate him.

The Department filed a motion for substituted service, and an affidavit for citation by publication executed by Munoz. The motion was granted by the trial court on February 18, 1998. Citation was published in *El Paso Inc.* on March 8, 1998.[1] Bondon did not respond to the citation. Pursuant to Tex.R.Civ.P. 244, the trial court appointed counsel to represent Bondon's interests in the termination suit. A bench trial ensued on August 26, 1998, and a final decree terminating Bondon's parental rights was signed on August 26, 1998. Counsel for Bondon filed a motion for new trial complaining that Bondon received inadequate notice of the termination suit. The trial court denied the motion, and this appeal follows.

### ADEQUACY OF NOTICE

In his sole point of error, counsel for Bondon complains that the citation was inadequate to give Bondon notice of the termination suit. Counsel argues that publication should have been made in Memphis, Tennessee, the last known place that Bondon lived.

■ "The general rule is that the legislature in its discretion may prescribe what notice shall be given to a defendant in a suit, subject to the condition that the notice prescribed must conform to the requirement of due process of law. The requirement of due process of law is met if the notice prescribed affords the party a fair opportunity to appear and defend his interests." *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 146 (1951), *cert. denied,* 342 U.S. 903, 72 S.Ct. 291, 96 L.Ed. 676 (1952). The Texas Legislature has declared that in suits affecting the parent-child relationship, citation by publication may be served as in other civil cases. *See* Tex.Fam.Code Ann. § 102.010(a)(Vernon 1996). When a statute directs that citation by publication be issued or served as in other civil cases, the requisites of the Rules of Civil Procedure govern, unless the statute expressly pro-

1. *El Paso Inc.* is a newspaper published in the        city and county of El Paso.

vides otherwise. *See* Tex.R.Civ.P. 110. Generally, a nonresident defendant is entitled to the same notice as a resident defendant. *See* Tex.R.Civ.P. 108. In all suits which do not involve the title to land or the partition of real estate, citation by publication shall be made in the county where the suit is pending. *See* Tex.R.Civ.P. 116.

■ First we note that counsel's brief raises purely a question of law. Counsel contends that because the evidence shows that Bondon's last known residence was somewhere in Memphis, Tennessee, the trial court should have ordered that citation be published in a Memphis newspaper. To support his contention, counsel cites *Leithold v. Plass,* 488 S.W.2d 159, 164 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.) for the proposition that the trial court has a duty to determine the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant before granting a judgment on constructive service by publication. *See also* Tex.R.Civ.P. 109; *In the Matter of the Marriage of Peace,* 631 S.W.2d 790, 792 (Tex.App.—Amarillo 1982, no writ). From this authority, counsel infers that when there is evidence showing that a defendant last resided in a city outside the State of Texas, citation by publication would only be proper at that place. We disagree.

The Family Code allows for citation by publication as in other civil cases. *See* Tex.Fam.Code Ann. § 102.010(a). Therefore, the Rules of Civil Procedure apply and Rule 116 makes citation by publication proper if published in the county where suit is pending. *See* Tex.R.Civ.P. 108, 110, and 116. Citation was published in El Paso County, and the suit to terminate Bondon's parental rights was filed in El Paso County.

■ Next, counsel complains that the trial court could not have found due diligence after Munoz testified that Bondon's last known address was somewhere in Memphis. *See* Tex.R.Civ.P. 109. Again

we disagree. The Rules of Civil Procedure do not make any presumptions concerning the best place to locate persons whose addresses are unknown. Instead, Rule 109 requires the trial court to determine the diligence used by the plaintiff in trying to locate the defendant's residence. If the trial court finds a lack of diligence, then the plaintiff must undertake additional efforts to comply with Rule 109. If the plaintiff is successful in his efforts to locate the defendant, then regular service of process is required. *See* Tex.R.Civ.P. 106 and 108.

In the present case, the record reveals that the trial court questioned Munoz about the efforts she made to locate Bondon. Munoz testified that she tried to locate Bondon by contacting a former employer and the public utilities in Memphis. She was unable to obtain any information concerning Bondon's present residence. The trial court ruled that reasonable efforts had been made by the Department, and that the notice given was proper and sufficient. We conclude that counsel has not demonstrated an abuse of discretion by the trial court. *See Lindsey v. Lindsey,* 965 S.W.2d 589, 591 (Tex.App.—El Paso 1998, no pet.).

■ We also conclude that Bondon has been afforded a fair opportunity to appear and defend his interests. *Sgitcovich,* 241 S.W.2d at 146. While notice by publication is unlikely to make a defendant aware of pending litigation, it has long been recognized as a constitutionally permissible form of notice where there are no other means available to put on notice a defendant who cannot be found. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–16, 70 S.Ct. 652, 657–59, 94 L.Ed. 865 (1950). Counsel urges us to consider the weight of the interests at stake here—termination of parental rights. While we are well aware of the constitutional protections favoring the parent-child relationship, and although common sense dictates caution in reviewing a termination action, the record reveals that Bondon has

not seen, communicated with, nor supported the children for many years. We conclude that his due process rights have not been violated.

Accordingly, we overrule Point of Error No. One and affirm the judgment of the trial court.