Milburn **VERNOR** and Gloria **Vernor, Appellants,**

v.

**SOUTHWEST FEDERAL LAND BANK ASSOCIATION, FLCA, Appellee.**

No. 04–01–00645–CV.

Court of Appeals of Texas, San Antonio.

April 3, 2002.

Rehearing Overruled April 16, 2002.

---

Gloria Von and Milburn Vernor, La Pryor, pro se.

A.A. Jack Ross, IV, Inez McBride, Matthews & Branscomb, P.C., San Antonio, for Appellee.

John F. Paniszczyn, Asst. United States Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice CATHERINE STONE, Justice SANDEE BRYAN MARION, Justice.

CATHERINE STONE, Justice.

This appeal arises from a money judgment and order of foreclosure rendered in favor of appellee, the Southwest Federal Land Bank Association FLCA. We affirm.

FACTUAL & PROCEDURAL BACKGROUND

In 1987, appellants Milburn and Gloria Vernor borrowed $130,500 from the Federal Land Bank of Texas to buy 240 acres of land in Zavala County. The Vernors executed a promissory note and a deed of trust secured by a lien on the property. The Federal Land Bank merged with another bank and became the Farm Credit Bank. The Farm Credit Bank assigned the note and deed of trust to the Southwest Federal Land Bank Association FLCA (the bank). In January 2000, the Vernors defaulted on the note. When the Vernors did not respond to the bank's written demand for payment, the bank accelerated the maturity of the note. Eventually, the bank sued the Vernors to recover approximately $60,000 and to foreclose under the deed of trust.

The case was set for bench trial on June 4, 2001; notice of the setting was mailed to the Vernors on February 1, 2001. After the bank filed a motion for summary judgment, the trial court set the hearing on the motion for the same date in June. The record reflects the Vernors acknowledged receiving both notices. The case proceeded with a bench trial, and the trial court rendered judgment for the bank, awarding the amounts due on the note and attorney's fees, and ordering foreclosure on the property.

## DISCUSSION

As a preliminary matter, we note that the trial court had subject matter jurisdiction over this original action in which the amount in controversy exceeded $500 by virtue of the Texas Constitution and the Texas Government Code. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988). None of the trial court's actions or rulings affected that jurisdiction.

■ In their first issue, the Vernors argue they were deprived of discovery rights and presentment of evidence because the trial court, without authority, converted a summary judgment hearing into a bench trial. The record establishes the Vernors received notice of the trial date approximately four months before trial. Accordingly, the requirements of due process were satisfied because they had both notice, sufficient time to prepare for trial, and the opportunity to appear and be heard. *See In re A.Y.,* 16 S.W.3d 387, 388 (Tex.App.-El Paso 2000, no pet.). We overrule appellants' first issue.

■ In their second issue, the Vernors contend the contract was nontransferable on its face. The record does not establish this. In the portion of the note addressing default, the language refers to "said Bank or the owner or holder of the note." This clearly contemplates that there could be an owner or holder other than the bank, as happened here. Moreover, there is no clause in the note that prohibits assignment. Without such a limiting clause, a contract is generally assignable. *See Crim Truck & Tractor Co. v. Navistar Int'l,* 823 S.W.2d 591, 596 (Tex. 1992). In their reply brief, the Vernors contend the note is an exception to the general rule, characterizing the note as a contract that relies on the personal credit of the parties. It is not. It is a promissory note secured by real property. Only the Vernors' credit is implicated, not the bank's. We hold the note was assignable as a matter of law, and the trial court did not err in so finding. We overrule the second issue.

■ In issue three, the Vernors contend the "offer to contract" was void on its face and not viable, because it was not accepted via co-signature. The Vernors offer no argument or authority to support this issue. The contract was accepted by the Vernors when they received the money and promised to repay it. Accordingly, no co-signature was necessary. *See Augusta Dev. Co. v. Fish Oil Well Serv. Co.,* 761 S.W.2d 538, 544 (Tex.App.-Corpus Christi 1988, no writ). We overrule the third issue. In their fourth issue, the Vernors contend the judgment is void because of fraud. They define fraud, then offer a list of record cites that presumably support a contention of fraud. We are unable to discern the connection between the portions of the record listed and the allegation of fraud. The Vernors offer no legal authority to demonstrate how the evidence voids the judgment. Accordingly, we interpret this issue as a challenge to the trial court's findings of fact in support of the judgment.

■ In reviewing a finding of fact for legal sufficiency, the reviewing court con-

siders only the evidence and inferences that support the challenged finding; the court disregards all contrary evidence and inferences. *Hendrickson v. Swyers*, 9 S.W.3d 298, 301 (Tex.App.-San Antonio 1999, pet. denied). To review the factual sufficiency of a finding, the court considers all of the evidence and sets aside the finding only if the evidence is so weak, or if the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.* Under this analysis, we do not pass upon the credibility of the witnesses, nor do we substitute our judgment for that of the fact finder, even if there is conflicting evidence upon which a different conclusion could be supported. *See Thrift v. Hubbard*, 974 S.W.2d 70, 77 (Tex.App.-San Antonio 1998, pet.denied).

The documents in the record show the Vernors borrowed money that, in part, they did not repay after a demand by the bank. The Vernors testified they had not received an accounting, did not consent to assignment of the note, and claimed the bank lacked standing to sue. However, as indicated by its ruling, the trial court apparently accorded greater weight to the testimony of the bank's employees. We hold the evidence was legally and factually sufficient to sustain the judgment. Accordingly, appellants' fourth issue is overruled.

We affirm the trial court's judgment.