Opinion issued January 13, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01177-CV




STATE OFFICE OF RISK MANAGEMENT, Appellant

V.

EVA JURODE, Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2002-19481




MEMORANDUM OPINION
          On April 17, 2002, appellant, State Office of Risk Management (“SORM”),
filed a subrogation action against appellee, Eva Jurode, as a result of an automobile
accident occurring on May 8, 2000. The trial court granted Jurode’s motion for
summary judgment on a limitations ground, because SORM lacked reasonable
diligence in securing service upon Jurode. SORM contends that the trial court erred
in granting summary judgment. We affirm. 
Facts and Procedural History
          On May 8, 2000, Brenda Sharlow, in her capacity as an employee of the Texas
Department of Public Safety, conducted Jurode’s driver’s license driving test. During
the test, Jurode lost control of the vehicle and drove into a concrete barrier. Sharlow
reported her resulting injuries to her employer and subsequently received workers’
compensation benefits from her employer’s insurance carrier, SORM. SORM alleges
that it paid $17,856 in medical and indemnity benefits to Sharlow.          Pursuant to the Texas Labor Code, SORM filed a subrogation action against
Jurode on April 17, 2002, to recover the workers’ compensation benefits it distributed
to Sharlow. Tex. Lab. Code Ann. §§ 417.001 (Vernon 1996 & Supp. 2004-2005). 
In its petition, SORM alleged Jurode could be personally served at her residence, and
included an address. On May 2, 2002, the constable unsuccessfully attempted to serve
the citation and petition on Jurode.


 The record does not indicate any other attempts
to serve Jurode in 2002.
          In June 2002, the attorney in charge of this matter departed, and the case was
reassigned to another assistant attorney general. The new attorney did not examine
this matter until August 2002. As a result, SORM did not attempt to locate Jurode for
service for over a three-month period. In August 2002, SORM unsuccessfully
searched for an address for Jurode. In an affidavit filed with its motion for new trial,
SORM maintains that the United States Postal Service did not have a valid forwarding
address for Jurode, she was not listed in directory assistance, SuperPages.com,
Anywho.com, the Harris County Voter Registration rolls, the Harris County Appraisal
District records, or the City of Houston Water Utilities records. The affidavit also
avers Jurode’s automobile insurer did not possess a valid address or telephone number
for her, nor did she leave a forwarding address or other contact information with the
apartment manager at her prior residence. 
          On September 17, 2002, the trial court dismissed this case for want of
prosecution. One month later, SORM apparently filed a motion to reconsider,
although it is not a part of the record. In November 2002, the trial court reinstated
SORM’s lawsuit against Jurode. SORM contends that the reinstatement impliedly
authorized service by publication. The record before us, however, does not include
any request to serve Jurode by publication, any affidavit demonstrating the need for
such service, nor any order authorizing service by publication.



          Upon discovery that service by publication did not occur, SORM requested a
second citation for publication. The court clerk apparently later issued the citation,
because the Houston Chronicle published the citation once per week from February
28, 2003 until March 21, 2003. SORM did not include the newspaper notices in its
response to Jurode’s motion for summary judgment, but attached them to its motion
for new trial. 
          Jurode answered SORM’s lawsuit on April 14, 2003. Jurode moved for
summary judgment, contending that SORM did not exercise due diligence in its
attempt at service, and thus its suit is time-barred. The trial court granted the motion. 
SORM moved for a new trial, which the trial court denied.


 This appeal followed.Standard of Review
          The movant for a summary judgment has the burden of showing that no genuine
issue of material fact exists and thus it is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 510 (Tex.
1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). A defendant
moving for summary judgment must either disprove at least one element of each of the
plaintiff’s causes of action, or plead and conclusively establish each essential element
of its affirmative defense, thereby rebutting the plaintiff’s causes of action. Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
          Jurode moved for summary judgment on a limitations ground, asserting that
SORM never personally had served Jurode, nor had it diligently or properly served her
by publication. SORM responds that a fact issue exists as to Jurode’s limitations
defense.Discussion
Statute of Limitations
          SORM’s claim is one for personal injury, governed by a two-year statute of
limitations. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon 2002 & Supp.
2004-2005). Accordingly, the statute of limitations in this action expired on May 8,
2002, two years after the automobile accident. SORM filed its lawsuit on April 17,
2002, within the statute of limitations.
          If a cause of action is dismissed for want of prosecution and subsequently
reinstated by the trial court, “a dismissed suit after reinstatement stands upon the
docket as if it had never been dismissed.” Gaylor v. Fluker, 843 S.W.2d 234, 235
(Tex. App.—Houston [14th Dist.] 1992, no writ) (citing George v. George, 564
S.W.2d 172, 174 (Tex. App.—Tyler 1978, no writ)). Thus, the trial court’s order
reinstating the lawsuit placed this case back on the docket, as of its original filing date. 
Due Diligence in Serving Jurode
          For a suit to fall within a limitations period, a party must both file the petition
within the limitations period and exercise due diligence in serving the defendant with
citation. See Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); see also Murray v.
San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990). A plaintiff has a
continuing duty to exercise due diligence, both in having a citation issued and
obtaining service. See Perry v. Kroger Stores, Store No. 119, 741 S.W.2d 533, 535
(Tex. App.—Dallas 1987, no writ). The date of service relates back to the date of the
petition’s filing only if the plaintiff has exercised diligence in obtaining effective
service. Gant, 786 S.W.2d at 260. If, as here, a party files its petition within the
limitations period, but does not serve the defendant until after the statutory period has
run, its suit is time-barred unless it shows that it exercised due diligence in obtaining
effective service. Id; see also Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47,
49 (Tex. App.—San Antonio 1999, pet. denied). 
          A party exercises due diligence if it (1) acts as an ordinarily prudent party would
have acted under the same or similar circumstances; and (2) acts diligently up until the
time the defendant is served. Hodge v. Smith, 856 S.W.2d 212, 215 (Tex.
App.—Houston [1st Dist.] 1993, writ denied); Rodriguez, 13 S.W.3d at 49. 
          The burden is on the defendant to establish that it is entitled to the defense of
limitations as a matter of law. Gant, 786 S.W.2d at 260; Holstein v. Fed. Debt Mgmt.,
Inc., 902 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1995, no writ). If a
defendant affirmatively pleads the defense of limitations and the record shows that
plaintiff failed to timely serve the defendant, however, then the burden is on the
plaintiff to explain the delay. See Clemons v. Denson, 981 S.W.2d 941, 946 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). 
          Here, the limitations period expired on May 8, 2002, three weeks after SORM
filed its original petition. The record indicates that SORM did not “serve” Jurode by
publication until February 28, March 7, and March 14 of 2003. As SORM did not
serve citation upon Jurode within the period of limitations, it has the burden at trial to
show diligence in procuring the subsequent issuance and service of citation upon
Jurode. Id. In a summary judgment proceeding, SORM need not prove this diligence;
rather, Jurode must show that SORM has failed to establish diligence as a matter of
law.
          Unexplained delays in effecting service constitute a lack of due diligence. Id. 
 In its motion for summary judgment, Jurode established a delay of nearly a year in
attempting service. SORM offered no evidence in its response to Jurode’s motion for
summary judgment. In its motion for new trial, SORM offered an affidavit by Susan
Torres, a legal assistant in the attorney general’s office. The affidavit avers that a
court clerk issued a citation for personal service on April 26, 2002. The constable’s
return, dated May 2, 2002 indicates that the attempted service failed due to “bad
address, no such apartment # or listing or defendants.” SORM concedes that after this
first failed attempt, it took no action to locate Jurode until August 2002. SORM made
an internal effort to locate an address for Jurode on August 19 and 21, but found no
leads. From August 2002 until January 2003, SORM offered no evidence of any
further effort to locate Jurode, nor did it seek any alternative form of service from the
trial court. Although SORM contends in its brief that it attempted to serve Jurode via
publication in January, service via publication did not occur until late February and
March of 2003. Thus, during the eleven-month period from the date in April 2002
when SORM filed its suit and the dates of service by publication in 2003, the only
evidence SORM has put forth to demonstrate diligence is a failed attempt at service
in May and two days of research in August—offered in a motion for new trial. 
Moreover, the record contains no request for service by publication and no order from
the trial court authorizing such service. 
          If the non-movant fails to offer an explanation consistent with diligence, the
plaintiff’s delay is unreasonable as a matter of law. Clemons, 981 S.W.2d at 946. We
previously have held that an unexplained delay of six and one-half months is, as a
matter of law, not due diligence in procuring the issuance and service of citation. See
Butler v. Ross, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ);
see also Clemons, 981 S.W.2d at 946 (holding that unexplained eight-month delay in
service is not due diligence). Texas courts have consistently held that a plaintiff lacks
due diligence as a matter of law due based on unexplained lapses for similar periods
of time. See, e.g., Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970)
(seventeen and one-half months between filing and service); Liles v. Phillips, 677
S.W.2d 802, 809 (Tex. App.—Fort Worth 1984, writ ref’d n.r.e.) (ten months between
expiration of statute of limitations and service); Allen v. Bentley Labs., Inc., 538
S.W.2d 857 (Tex. Civ. App.—San Antonio 1976, writ ref’d n.r.e.) (six months
between filing and service); Williams v. Houston-Citizens Bank & Trust Co., 531
S.W.2d 434, 436 (Tex. Civ. App.—Houston [14th Dist.] 1975, writ ref’d n.r.e.) (seven
and two-thirds months between expiration of first citation and issuance of second
citation). 
          Here, SORM’s proffered explanation is that the person in charge of the case
ceased employment with its office, and the new lawyer did not discover the case for
three months. SORM also maintains that in “permitting” it to serve Jurode by
publication, the trial court impliedly determined that the SORM used due diligence in
attempting to locate Jurode. SORM’s explanation, however, does not account for the
delay. Assuming that a lawyer departure explains the initial delay, its new lawyer
discovered the case in August, and yet SORM made no further effort to effect any kind
of service until early 2003.
          Moreover, Rule 109 requires that the trial court, before permitting service by
publication, inquire into the sufficiency of the diligence exercised in attempting to
ascertain the residence or whereabouts of the defendant. Tex. R. Civ. P. 109; see also
In re A.Y., 16 S.W.3d 387, 389 (Tex. App.—El Paso 2000, no pet.) (stating Rule 109
requires trial court to determine diligence used by plaintiff in locating defendant). The
record before us does not contain any evidence that the trial court ever permitted
SORM to serve Jurode by publication, that SORM ever requested an order from the
trial court granting service by publication, or that SORM made any showing as to the
sufficiency of their search efforts to the trial court in an effort to seek permission for
an alternative form of service.
          We hold that SORM has failed to offer a reasonable explanation for the eleven-month delay between filing and service as a matter of law. We therefore hold that the
trial court did not err in granting Jurode’s motion for summary judgment.Conclusion
          The trial court properly concluded that SORM’s action against Jurode is barred
by the statute of limitations. We therefore affirm the judgment of the trial court. 
 
 Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.