ACCEPTED
04-15-00267-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/21/2015 8:48:05 PM
KEITH HOTTLE
CLERK

NO. 04-15-00267-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/21/2015 8:48:05 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

DOLORES REYNOSO and JUAN REYNOSO,

Appellants,

**V.**

LOFT CONCEPTS, INC.,

Appellee.

Appeal from the County Court at Law Number Three
Bexar County, Texas
Trial Court Case No. 2015CV00936
Hon. David J. Rodriguez Presiding

**APPELLANT'S RESPONSE TO APPELLEE'S MOTION FOR
REVIEW OF SUFFICIENCY OF BOND, AND FOR DETERMINATION
WHETHER SUSPENSION OF ENFORCEMENT OF JUDGMENT**

TO THE HONORABLE COURT OF APPEALS:

NOW COME DOLORES REYNOSO AND JUAN REYNOSO, Appellants in the above styled and numbered cause, and file this Response to appellee's Motion for Review of Sufficiency of Bond, and for Determination whether Suspension of Enforcement of Judgment.

**Response to Appellee's Motion for Review of Sufficiency of Bond, Sureties on Appeal Bond, and for Determination Whether Suspension of Enforcement of Judgment**

## Factual Background

1. On April 9, 2015, this cause was heard and a judgment issued in favor of Appellee. See Exhibit A.

2. On page 2 of the judgment in the second to last paragraph it states that the clerk of the court shall immediately issue a writ of possession pursuant to Texas Property Code 24.0061 (Exhibit G).

3. On April 17, Appellants filed a Notice of Appeal and posted a Supersedeas Bond in the amount of $15,000.00. See Exhibit B.

4. On April 20, 2015, Defendants were served with a Writ of Possession dated April 9. See Exhibit C.

5. Appellants were divorced, October 24, 2013, the Final Divorce Decree awarded the property to Appellant Dolores Reynoso, and Appellant Juan Reynoso has not occupied the property since before the divorce.

6. May 21, 2015, Appellant Dolores Reynoso filed an amended Appeal Bond, excluding Juan Reynoso as an appellant, expressly making the bond payable to the Appellee, removing Joshua Capo as a surety, and adding Jose Capo as a surety. Appellant Dolores Reynoso married Jose Capo May 1986 and divorced him July 1997. (Exhibit I).

## Argument

7. The Appellee's Motion should be dismissed because the Motion is groundless.

8. The Appellants timely filed an appeal bond pursuant to Texas Property Code 24.007 and Texas Rules of Civil Procedure 510.13. See Exhibits D and E.

9. Both Texas Property Code 24.007 and Texas Rules of Civil Procedure 510.13 state that a judgment in a forcible detainer action is stayed if the Defendant files a supersedeas bond within 10 days of the signing of the judgement.

10. As stated above the Appellant, Defendant in the trial court, filed a notice of appeal and a supersedeas bond April 17, 2015, eight days after the signing of the County Court At Law 3 judgment.

11. Paragraph 2 on page 2 of Appellee's Motion, Appellee complains that the Appellant submitted no evidence at trial. This point is immaterial because the Appellant raised a Pea to the Jurisdiction, which was dismissed by the trial court and may be raised anew on appeal.

**Response to Appellee's Motion for Review of Sufficiency of Bond, Sureties on Appeal Bond, and for Determination Whether Suspension of Enforcement of Judgment**

**Page 2 of 5**

12. Paragraph 10, page 4 of Appellee's Motion complains that the appeal bond fails to comply with Texas Rule of Appellate Procedure (TRAP) 24.1(b)(1)(B, C and/or D).

13. Appellee asserts that the appeal bond does not comply with TRAP 24.1(b)(1)(B), because the appeal bond is not made payable to the Appellee. This allegation is simply false.

14. The appeal bond reads in part, "now, therefore, the said Dolores Reynoso and Juan Reynoso, and their sureties, covenant that Defendant will prosecute this appeal with effect ad pay all costs and damages which may be adjudged against the Defendant, provided the sureties shall not be liable in an amount greater than $15,000, said amount being amount of the bond herein."

15. Under the appeal bond, the sureties are liable to the Appellee, the only opposing party, for all costs and damages up to the bond amount.

16. Next, in paragraph 11 on page 4 of Appellee's motion, Appellee complains that Appellant Juan Reynoso has not signed the Appeal bond. This fact has no bearing on the validity of the bond respecting Dolores Reynoso. At best, this fact would mean that Appellant Juan Reynoso could not supersede the judgment.

17. In paragraph 12, page 5 of Appellee's motion, Appellee contends there is no evidence that the Bexar County Clerk approved the appeal bond. This contention is absurd, because the Bexar County Clerk stamped filed the appeal bond and accepted it, manifesting the acceptance and approval of the appeal bond.

18. In paragraphs 13-16, pages 5-6 of Appellee's motion, Appellee complains that one of the sureties, Joshua Capo resides at the residence and was convicted of a felony; and questions the financial sufficiency of both sureties because neither a net worth affidavit, as required by TRAP 24.2(c).

19. However, TRAP 24.2(c) clearly states that it applies to bonds for money judgments under TRAP 24.2(a)(1). TRAP 24.2(c) does not apply to TRAP 24.2(a)(2) recovery of an interest in property. Recovery under a forcible detainer action is limited to an interest in real property, possession. And TRAP 24.2 requires that the bond be tied to the value of the property. See Exhibit G

20. TRAP 24.1(b)(1)(D) states that the bond may be signed by a surety or sureties. See Exhibit H. Christopher Capo does not reside at the property, is gainfully employed, single, and the property he listed on the Oath is worth at least $15,000.

**Response to Appellee's Motion for Review of Sufficiency of Bond, Sureties on Appeal Bond, and for Determination Whether Suspension of Enforcement of Judgment**

**Page 3 of 5**

21. Nevertheless, the case law is replete with holdings that a loser in an forcible detainer suit has 5 days to correct a defective appeal bond once notified that the bond is defective. *Rowe v. Watkins*, 340 S.W.3d 860, 863 (2011), ("When the appeal bond contains defects or irregularities, either of form or substance, the case should not be dismissed without first allowing the appealing party five days, after notice of the defect, to correct or amend the defective appeal.") Tex.R. Civ. P. 571. Although the rules do not prescribe a specific type of notice, we have held that the notice must, in the very least, conform to due process which is met if the notice affords the party a fair opportunity to appear and defend her interests. *Ashley Furniture Industries Inc. ex rel. RBLS Inc. v. LAW OFFICE OF DAVID PIERCE*, 311 S.W.3d at 598; *Watkins v. Debusk*, 286 S.W.3d 58, 62 (2009); In re A.Y., 16 S.W.3d 387, 388 (Tex.App.-El Paso 2000, no pet.).

22. In the alternative, if the Court disagrees with the foregoing arguments, Appellant has filed and attached an appeal bond which cures the purported defects cited by the Appellee. If the court desires affidavit of net worth, the Appellant will provide such affidavits.

## Conclusion

23. Based on the foregoing argument, the Court should deny or dismiss the Appellee's Motion.

Respectfully submitted,

/s/ James Minerve

By: _____

James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(888) 819-1440 Office
(210) 336-5867 Direct
(888) 230-6397 Fax
Email: jgm@minervelaw.com
Attorney for Appellants Dolores Reynoso
and Juan Reynoso

**Response to Appellee's Motion for Review of Sufficiency of Bond, Sureties on Appeal Bond, and for Determination Whether Suspension of Enforcement of Judgment**

**Page 4 of 5**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a true and correct copy of the attached Appellant's Response to Appellee's Motion to Appellee's counsel in accordance with the Texas Rules of Civil Procedure on May 21, 2015.

Trey Wilson
RL Wilson Law Firm
111 W. Olmos Dr.
San Antonio, Texas 78212
Email: rlw3d@sa-law.com


/s/ James Minerve
_____
James Minerve

**Response to Appellee's Motion for Review of Sufficiency of Bond, Sureties on Appeal Bond, and for Determination Whether Suspension of Enforcement of Judgment**

**Page 5 of 5**