BROWN MECHANICAL SERVICES, INC., Appellant

v.

The MOUNTBATTEN SURETY COMPANY, INC., American Surety Company, Skip Clift d/b/a Innovative Insurance Agency, and Kevin Clift, Appellees.

No. 01–10–00776–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 19, 2012.

Rehearing Overruled June 15, 2012.

---

* ("I don't agree that *Joubert v. State* should be overruled.")

Amenaghawon Omoruyi, Obadagbonyi, Amen Law Firm, Houston, TX, for Appellant.

Mike Fowler Pipkin, Sedgwick LLP, Dallas, TX, for Appellees.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Brown Mechanical Services, Inc. ("Brown"), attempts to appeal from the trial court's order dismissing its bill of review proceeding against appellees, Mountbatten Surety Company, Inc., American Surety Company, Skip Clift *d/b/a* Innovative Insurance Agency, and Kevin Clift (collectively, "Mountbatten"), for want of prosecution. In three issues, Brown argues that the trial court abused its discretion (1) in dismissing the case for want of prosecution; (2) in failing to hold a hearing on its motion to reinstate; and (3) in failing to allow it to have its day in court.

We conclude that Brown's notice of appeal is untimely and that, therefore, this appeal must be dismissed for lack of jurisdiction.

## Background

Brown filed its petition for a bill of review on February 21, 2006, seeking to vacate an agreed judgment between it and Mountbatten entered on March 15, 2004. There is no indication in the record that Brown served Mountbatten with this petition, and on January 22, 2007, the trial court notified Brown of its intent to dismiss the case on June 29, 2007. On that day, June 29, 2007, Brown filed a motion to retain, explaining that it was ready to go forward with the prosecution of the case. No further action was taken on the case until February 17, 2010, when the trial court notified the parties that the disposition deadline for the case was March 15, 2010 and that, if the case were not set and heard before that date, it would be dismissed for want of prosecution.

On March 15, 2010, Brown filed a second motion to retain. The trial court responded on March 16, 2010 by providing a second disposition deadline of April 19, 2010 and again notifying the parties that the case would be dismissed for want of prosecution if the matter had not been set and heard by that date. On April 14, 2010, Brown filed an amended petition for bill of review and served Mountbatten on April 26, 2010. On May 25, 2010, the trial court dismissed the case, stating, "For failure to comply with the Notice Dates 03–16–2010/ TRCP 165A this case is ordered DISMISSED FOR WANT OF PROSECUTION."

On June 24, 2010, Brown filed a motion to reinstate, arguing that it had experienced difficulty "effecting process on [Mountbatten]," that its failure to act prior to dismissal was the result of its "attorney who misfiled the notice of intent to dismiss," and that it was prepared to "go

forward with further preparation, prosecution and the trial of this cause." The trial court held a hearing on August 2, 2010. Brown did not obtain or file a reporter's record of this hearing. Although the docket sheet reflected that the trial court denied the motion to reinstate on that date, the record does not contain a written order denying the motion. Thus, the motion to reinstate was overruled by operation of law.

Brown filed its notice of appeal on September 8, 2010, stating that the trial court held a hearing on the motion to reinstate on August 2, 2010, that the trial court did not sign a written order on that motion, and that Brown wished to appeal.

## Analysis

This Court's review of the case revealed that Brown's notice of appeal was untimely. Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX.R.APP. P. 26.1. The deadline to file a notice of appeal is extended ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R.APP. P. 26.1(a). To be considered timely, a motion to reinstate must be filed within thirty days after the order of dismissal is signed. TEX.R. CIV. P. 165a(3).

We may extend the time to file the notice of appeal, however, if, within fifteen days after the deadline to file the notice of appeal, the appellant properly files a motion to extend time. TEX.R.APP. P. 26.3, 10.5(b)(*l* )-(2). A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX.R.APP. P.

26.1, 26.3; *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). The appellant must, however, offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* TEX.R.APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston,* 976 S.W.2d 676, 677 (Tex.1998).

Here, the trial court signed the final judgment on Brown's petition for bill of review on May 25, 2010, dismissing Brown's case for want of prosecution. Thus, Brown's motion to reinstate its bill of review was due by June 24, 2010. The record shows that Brown timely filed its motion to reinstate on June 24, 2010. The motion was heard on August 2, 2010, but no written order was signed. Therefore, Brown's motion to reinstate was overruled by operation of law on August 23, 2010, seventy-five days after the judgment dismissing his bill of review was signed. *See* TEX.R. CIV. P. 165a(3) (providing that if "a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law"); TEX.R. CIV. P. 306a(4) (providing that, in some circumstances, deadlines for filing post-judgment motions will run from date party received notice of judgment).

However, Brown did not file a notice of appeal until September 8, 2010, which was sixteen days after the notice of appeal was due and one day after the fifteen-day extension of time permitted by Rule 26.3 had run. Brown's notice of appeal was, therefore, untimely, even with the extended deadline afforded by Rule 26.1(a) when a motion to reinstate is filed. *See* TEX.R.APP. P. 26.1.

Because the failure to file a timely notice of appeal is jurisdictional, the Texas Rules of Appellate Procedure provide that a motion to extend time is necessarily implied if

the appellant files its notice of appeal within the fifteen-day extension period provided by Rule 26.3, so long as the appellant complies with Rule 10.5(b) by, *inter alia*, providing a reasonable explanation for the late filing. *See* Tex.R.App. P. 26.3, 10.5(b); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. Brown, however, neither filed its notice of appeal within the fifteen-day grace period nor provided an explanation for its late filing.

On December 5, 2011, this Court sent Brown a notice informing it that it did not appear that we had jurisdiction over this appeal and that we would dismiss this case for want of jurisdiction unless it provided some evidence that we did have jurisdiction. Brown responded, arguing that its notice of appeal was timely because its motion to reinstate was overruled by operation of law seventy-five days after the date it received notice of the dismissal for want of prosecution, and, thus, the notice of appeal was not due until thirty days after the motion to reinstate was overruled, or 105 days from the date it received the notice of dismissal.

■ Brown cited no authority to support its contention that the deadline to file the notice of appeal was thirty days from the date its motion to reinstate was overruled, and its statement of the law is incorrect. Contrary to Brown's assertion, the deadline for filing a notice of appeal runs from the date of the trial court's dismissal order, not the date the trial court rules on a motion to reinstate. *Weik v. Second Baptist Church of Houston*, 988 S.W.2d 437, 438 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Hosey v. Cnty. of Victoria*, 832 S.W.2d 701, 703 (Tex.App.-Corpus Christi 1992, no writ); *see also* Tex.R.App. P. 26.1(a)(3) (providing that notice of appeal is due within ninety days of date judgment is signed when timely motion to reinstate case is filed pursuant to Texas Rule of Civil Procedure 165a).

■ Brown also argues that it did not receive notice of the dismissal of the case until June 22, 2010 and that the post-judgment deadlines should run from that date rather than from the date the judgment was signed. It cites Texas Rule of Civil Procedure 306a(4) to support this contention. Paragraph 4 of Rule 306a provides that if "a party adversely affected by" the signing of a judgment or appealable order does not receive the required notice within twenty days,

> then with respect to that party all the periods mentioned in paragraph (1) [addressing time for filing post-judgment motions in the trial court] shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Tex.R. Civ. P. 306a(4). Rule 306a further provides:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex.R. Civ. P. 306a(5). The record in this case does not contain the sworn motion establishing the facts constituting late notice required by Rule 306a(5), and thus Brown has failed to establish the application of Rule 306a(4). *See id.; see also* Tex.R.App. P. 4.2(a)-(b) (providing additional time to file notice appeal if, in accor-

dance with Rule 306a(5), appellant establishes facts constituting late notice).

We conclude that Brown has failed to satisfy the jurisdictional requirements in Rules 26.1 and 26.3 that he either (1) timely file a notice of appeal or (2) file a notice of appeal in the trial court within fifteen days after the deadline for filing the notice of appeal and file in this Court a motion that complies with Rule 10.5(b), including setting out "the facts relied on to reasonably explain the need for an extension." TEX.R.APP. P. 10.5(b), 26.1, 26.3.

We hold that this Court lacks jurisdiction over the appeal. *See* TEX.R.APP. P. 25.1, 26.1; *Verburgt,* 959 S.W.2d at 617.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP. P. 42.3(a), 43.2(f).[1] We dismiss all pending motions as moot.

## Conclusion

We dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

---

[1] Mountbatten argues that, even if Brown's notice of appeal had been timely, its failure to obtain a reporter's record of the hearing on the motion to reinstate "makes it impossible to establish that the trial court abused its discretion." We agree. *See Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex.1999) (reviewing dismissal for want of prosecution for abuse of discretion); *Cappetta v. Hermes,* 222 S.W.3d 160, 164 (Tex.App.-San Antonio 2006, no pet.) ("We review an order denying a motion to reinstate under an abuse of discretion standard.") (citing *Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467, 468 (Tex.1995) (per curiam)); *see also Nicholson v. Fifth Third Bank,* 226 S.W.3d 581, 583 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (holding that it is appellant's burden to bring forward sufficient record to show error committed by trial court and that, in absence of reporter's record and findings of fact, we assume trial court heard sufficient evidence to support its judgment); *Sandoval v. Comm'n for Lawyer Discipline,* 25 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding that court could not determine whether trial court abused its discretion in sanctions ruling because it did not receive reporter's record of hearing and that courts "must presume the omitted evidence would support the trial court's sanction decision") (citing *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (per curiam)).

Mountbatten further argues that the trial court properly dismissed the case for want of prosecution and denied the motion to reinstate because Brown failed to demonstrate due diligence or lack of conscious indifference. We agree with this contention as well. *See Villarreal,* 994 S.W.2d at 630 (holding that trial court may dismiss case for want of prosecution under Texas Rule of Civil Procedure 165a for failure to appear for any hearing or trial of which party had notice or for failure to dispose of case within time standards promulgated by supreme court, or, after notice and opportunity to be heard, under the court's inherent power for failure to prosecute with due diligence); *see also* TEX.R. CIV. P. 165a(3) (trial court must reinstate case dismissed for want of prosecution upon finding after hearing that "the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained"); *Cappetta,* 222 S.W.3d at 166 (holding that Rule 165a(3)'s reinstatement provision should apply to all dismissals for want of prosecution, including dismissal under court's inherent power); *Brown v. Howeth Invs., Inc.,* 820 S.W.2d 900, 903 (Tex.App.-Houston [1st Dist.] 1991, writ denied) (applying Rule 165a(3) standard to dismissal under court's inherent power and stating, "In exercising its discretion, the trial court may consider the entire history of the cause.").