Opinion issued August 22, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-01003-CV

_____

**LEON ANTHONY BENJAMIN, Appellant**

**V.**

**BARBARA LAVON BENJAMIN, Appellee**

On Appeal from the 247th District Court
Harris County, Texas
Trial Court Case No. 1011421

# MEMORANDUM OPINION ON REHEARING[1]

Appellant Leon Anthony Benjamin appeals from a divorce decree. He challenges the trial court's reliance on his ex-wife's testimony in determining the award of some property, but he failed to obtain a record of that testimony. Accordingly, we conclude that he waived the issue on appeal. We affirm.

After remaining separated for 25 years, Leon Benjamin filed a petition for divorce from his wife Barbara Lavon Benjamin in 2010. In his petition, Leon stated that the divorce was uncontested and that there was no community property. He requested that the court divide the parties' property that was "in each of the parties possession, or in a manner that the court deems just." Leon was incarcerated throughout the divorce process. The divorce decree awarded each party the community property in each party's possession. Both Leon and Barbara signed the decree.

On the day the decree was signed, Leon filed a "motion to amend alternative dispute resolution," requesting an "equal" division of all of Barbara's property, including any cars, jewelry, bank accounts, or real property. Alternatively, Leon requested $900 or the property that he had requested during the alternative dispute

---

[1]   We originally issued a memorandum opinion in which we dismissed the appeal for appellant's failure to provide proof of notice to all parties to the proceeding. Appellant filed a motion for rehearing, which we granted. We withdraw our previous memorandum opinion, vacate our prior judgment, and issue this memorandum opinion and the related judgment in their stead.

resolution proceeding.  A week later, Leon filed a notice of appeal.  In his appeal, Leon complains that the trial court failed to award him several pieces of jewelry he requested when it granted the divorce, specifically a silver and diamond ring, a silver chain, and a silver cross.  He alleges that Barbara lied and told the trial court that he had "burned up" his jewelry.  He raises two points of error.  First, he asserts that the trial court erred in failing to award him the jewelry when there was "no evidence" to support Barbara's allegations that he had destroyed the jewelry. Barbara had testified when asked by the trial court that Leon had "burned up" the jewelry, and Leon challenges the lack of anything besides Barbara's statements to support this allegation.  Second, he asserts that the trial court erred  by failing to decide whether he was obligated to pay the clerk's fee, although he had filed an affidavit of indigence.

As the clerk's record on indigence does not reflect that the trial court timely conducted a hearing or signed an order on the matter, we allowed Leon to proceed without the payment of costs.  *See* TEX. R. APP. P. 20.1(i)(4) (deeming the party's indigence to be true unless the trial court signs an order sustaining the contest to indigence within the prescribed period of time).  Accordingly, we overrule his second issue as moot and we turn to consider his first issue concerning the trial court's failure to award him the jewelry.

3

Litigants appearing on their own behalf are held to the same standards as are licensed attorneys, and they must comply with all applicable and mandatory rules of pleading and procedure. *De Mino v. Sheridan*, 176 S.W.3d 359, 369 n.17 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). A pro se litigant is required to properly present his case on appeal, as we do not make allowances or apply different standards for litigants appearing without the advice of counsel. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Although we construe briefs liberally, appellate briefs must contain clear and concise arguments with appropriate citations to the record and supporting authorities or the argument is waived. TEX. R. APP. P. 38.1(i); *see also Morris*, 360 S.W.3d at 36.

Leon's brief offers no citation to the record or appropriate authorities to support his argument that the trial court erred by not awarding the jewelry to him. To the extent he presents an argument, it is that the trial court had insufficient evidence on which to support the award of property in the divorce decree when it relied on Barbara's allegedly untrue testimony. We construe this argument as a challenge to the sufficiency of the evidence to support the judgment.

As the appellant, Leon bears the burden to bring forward a sufficient record to show that the trial court erred. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581,

4

583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)). He cannot prevail in any evidentiary challenge without first meeting his burden to present a sufficient record on appeal. *Id.* The division of marital property will not be reversed on appeal unless the complaining party shows that the trial court abused its discretion. *See, e.g.*, *O'Connor v. O'Connor*, 245 S.W.3d 511, 518 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Failure to obtain a reporter's record of the hearing makes it impossible to establish that the trial court abused its discretion. *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.). When there is no reporter's record and there are no findings of fact, we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *Nicholson*, 226 S.W.3d at 583.

Although Leon requested a reporter's record in support of his appeal, the court reporter did not record the divorce proceeding.[2] The appellate record also does not reflect that Leon made a request to record the divorce proceeding. Even if the court reporter is required to report the proceeding without Leon's request, an objection would still be required to preserve the failure to record for appellate review. *Rittenhouse v. Sabine Valley Ctr. Found., Inc.*, 161 S.W.3d 157, 162 (Tex.

---

[2] The final decree of divorce includes a form recital that the court reporter made a record: "The record of the testimony was duly reported by the court reporter for the 247th Judicial District Court." However, the court reporter represented to our court that no record was made.

5

App.—Texarkana 2005, no pet.) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003)); *Morin-Spatz v. Spatz*, No. 05-00-01580-CV, 2002 WL 576513, at *8 (Tex. App.—Dallas Apr. 18, 2002, no pet.). In order to present such a complaint for review, the record must show that (1) the complaint was made to the trial court by a timely request, objection, or motion with such specificity as to make the trial court aware of the complaint and that (2) the trial court ruled or refused to rule on the complaint. TEX. R. APP. P. 33.1. No request, objection, or motion challenging the failure to make a record appears in the appellate record.

Thus, by failing to request that the court reporter record the divorce hearing or to object to the reporter's failure to record, Leon has failed to preserve his issue for review. *See Nabelek v. Dist. Attorney of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (failing to object to a reporter's failure to record fails to preserve issues for review that rely on evidence found in the reporter's record).

## Conclusion

We affirm the order of the trial court. All pending motions are denied.

Michael Massengale
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

6