

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00063-CV

Hetul **BHAKTA** d/b/a Budget Inn,
Appellant

v.

**TEXAS DEPARTMENT OF TRANSPORTATION**,
Appellee

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 11-04-15888-CV
Honorable Richard C. Terrell, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  April 16, 2014

DISMISSED FOR LACK OF JURISDICTION

This is an accelerated appeal from the trial court's November 13, 2013, order granting appellee's plea to the jurisdiction.  Appellant timely filed a "Motion for Rehearing and Reconsideration" on November 11, 2013.  TEX. R. CIV. P. 329b(a).  Appellant filed a notice of appeal on January 7, 2014.  Appellee filed a motion to dismiss, arguing this court lacks jurisdiction over this appeal.

Although appellant filed a timely motion for reconsideration, such a motion does not extend the time for filing a notice of appeal in an accelerated appeal.  *In re K.A.F.*, 160 S.W.3d

923, 927 (Tex. 2005); TEX. R. APP. P. 28.1(b).  Because appellant did not file a notice of appeal within twenty days after the trial court signed its November 13, 2013, order and did not file a motion to extend time, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.  Appellant has filed a response and a motion requesting an extension of time in which to file the notice of appeal.

A timely notice of appeal is jurisdictional.  *In re United Serv. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010).  We may extend the time to file the notice of appeal, if, within fifteen days after the deadline to file the notice of appeal, the appellant properly files a motion to extend time.  TEX. R. APP. P. 26.3, 10.5(b)( 1 )-(2).  A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3.  *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  The appellant also must offer a reasonable explanation for failing to file the notice of appeal in a timely manner.  *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998).

However, the time in which parties may perfect an appeal is not indefinitely extended. *Verburgt*, 959 S.W.2d at 617.  "Instead, once the period for granting a motion for extension of time under [current Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."  *Id.*; *see also In re K.A.F.*, 160 S.W.3d at 927 (holding, "in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions").  Here, although appellant's response provided a reasonable explanation for not timely filing the notice of appeal, because the notice of appeal was not filed within twenty days of the trial court's November 13, 2013, order and the motion for extension of time was not filed within the fifteen-day extension period, we do not have jurisdiction over this appeal.  *See Brown Mech. Serv., Inc. v. The Mountbatten Sur. Co.*, 377 S.W.3d 40, 44

(Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding same); *see also Hydro Mgmt. Sys., LLC*, No. 04-09-00813-CV, 2010 WL 1817813, *3 (Tex. App.—San Antonio, May 5, 2010, no pet.) (mem. op.) (holding same).  Therefore, we must dismiss this appeal for lack of jurisdiction.

PER CURIAM