**Opinion issued April 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00730-CV

————————————

**THOMAS FLORENCE, Appellant**

**V.**

**ZACK SHELLY AND WANETTE FLORENCE, Appellees**

---

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Case No. CV-0063919**

---

## MEMORANDUM OPINION

Appellant, Thomas Florence, seeks to appeal an order of the trial court dismissing his underlying case for want of prosecution. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended

to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*.; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Furthermore, if a party does not receive notice or acquire actual knowledge that a judgment or appealable order was signed within 20 days of the signing, the date the filing periods discussed above commence can be changed from the date the judgment or appealable order is signed to the date the party first received notice or acquired actual knowledge of the signing.  *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a(4). To invoke one of these rules, the party must file a sworn motion, provide notice to the other parties, and prove in the trial court the date that notice was received or acquired. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5); *see also In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006); *In re Bokeloh*, 21 S.W.3d

784, 791 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). The filing periods may not, however, begin more than 90 days after the date of signing; therefore, the party must receive notice or acquire actual knowledge of the signing within 90 days of the date the judgment or order is signed for these rules to apply. *See Lynd*, 195 S.W.3d at 683, 685; *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Bokeloh*, 21 S.W.3d at 791.

Here, the trial court signed the final judgment on March 20, 2013. Therefore, a motion for new trial was due by April 19, 2013. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). Florence filed an untimely motion for new trial on June 28, 2013. Because Florence's motion for new trial was untimely, his notice of appeal remained due by April 19, 2013, or by May 6, 2013 with a 15-day extension. *See* TEX. R. APP. P. 26.1(a), 26.3; *see also Deaton v. Citibank, N.A.*, No. 01-12-00752-CV, 2012 WL 5878111, at *1 (Tex. App.— Houston [1st Dist.] Nov. 21, 2012, no pet.) (untimely motion for new trial does not extend deadline for filing notice of appeal). Florence filed an untimely notice of appeal on August 5, 2013. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On September 30, 2013, we notified Florence that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing grounds for

3

continuing the appeal. *See* TEX. R. APP. P. 42.3(a). On October 11, 2013, Florence filed a response alleging that he was unaware of the trial court's order dismissing his case for want of prosecution until after he requested an update from the trial court clerk. Florence, however, fails to demonstrate—and the record does not show—that he filed a sworn motion and notice in the trial court establishing the date that he first received notice of the judgment or acquired actual knowledge of the judgment. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5); *see also Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that appellant failed to establish application of Texas Rule of Civil Procedure 306a(4) because record did not contain sworn motion establishing facts for late notice required by Rule 306a(5)). As a result, Florence's response fails to show grounds for continuing this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

4