**Opinion issued July 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00155-CV

———————————

## CHARLES RONALD WADE, Appellant

## V.

## HARRIS COUNTY; HARRIS COUNTY DEPARTMENT OF EDUCATION; PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY; HARRIS COUNTY FLOOD CONTROL DISTRICT; HARRIS COUNTY HOSPITAL DISTRICT; CITY OF HOUSTON; HOUSTON INDEPENDENT SCHOOL DISTRICT; AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-69056**

---

## MEMORANDUM OPINION

Charles Wade appeals a judgment for delinquent ad valorem taxes in favor of

several taxing units. We conclude that Wade did not file a timely notice of appeal to

this court and we therefore dismiss his appeal for lack of jurisdiction.

## Procedural History

Harris County and several other taxing units filed suit against Wade to recover delinquent ad valorem taxes. The suit was referred to a master in chancery, who filed a report with the district court recommending entry of a judgment in favor of the taxing units on July 16, 2014. On July 26, 2014, Wade appealed from the master's report to the district court. The district court signed a final judgment in favor of the taxing units on August 1, 2014. Wade filed a motion for new trial on September 1, 2014 and a notice of appeal from the trial court's final judgment over five months later, on February 15, 2015.

## Untimely Notice of Appeal

A party who wishes to appeal to this court generally must file a notice of appeal within 30 days after the trial court signs its judgment or within 90 days if any party files a motion for new trial. TEX. R. APP. P. 26.1. These deadlines are jurisdictional. *E.g.*, *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 42 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Thus, we must dismiss an appeal for lack of jurisdiction when a party fails to timely file a notice of appeal. *Id.* at 44; *Penny v. Shell Oil Prods. Co.*, 363 S.W.3d 694, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.). However, the failure to file such notice will be excused if the party timely files an instrument that does not strictly comply with the rules but

nonetheless constitutes a bona fide attempt to invoke appellate jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see, e.g.*, *Clemons v. Denson*, 981 S.W.2d 941, 944 (Tex. App.—Houston [1st Dist.] 1998, pet denied) (notice of appeal misnamed as "writ of error" held to be bona fide attempt to invoke jurisdiction).

Wade's February 15, 2015 notice of appeal, which was filed almost 200 days after the district court signed its final judgment, is untimely. *See* TEX. R. APP. P. 26.1. For this reason, we previously dismissed his appeal as untimely filed. We subsequently reinstated Wade's appeal on the basis that his prior July 26, 2014 notice of appeal—which he included as an exhibit to one of his appellate filings—constituted a premature and, therefore, timely notice of appeal to this court. *See* TEX. R. APP. P. 27.1(a). But we did so without the benefit of the full clerk's record, which was not filed until a month later. When viewed in light of the applicable law and procedural history of this suit, the record makes it clear that Wade's appeal is untimely and must be dismissed for lack of jurisdiction.

In delinquent tax suits, a district court may refer the case to a master in chancery. TEX. TAX CODE § 33.71 (West 2015). The parties have the right to appeal any final judgment recommended by the master to the district court. *See id.* § 33.72(c). The parties must file this notice of appeal to the district court within 10 days after the master provides notice that he has filed his report with the district court. *See id.* § 33.74(a). Otherwise, the findings and recommendations of the master

3

become the order of the district court once the district court signs an order conforming to the master's report. *Id.* § 33.75. Regardless of whether the parties appeal from the master's recommend final judgment to the district court, they may appeal from the district court's judgment to the court of appeals. *See id.* § 33.74(i).

The district court referred the present suit to a master in chancery, and the master issued a report recommending a final judgment in favor of the taxing units. Within 10 days of receiving notice of the master's report, Wade filed his July 26, 2014 notice of appeal. In this notice, Wade stated that he desired to appeal to the 295th District Court from the master in chancery's "final judgment" signed on July 16, 2014. He could only have meant the master's report, which was signed on that date, as the master did not and could not sign a judgment and the district court had not yet entered its judgment. *See* TEX. TAX CODE §§ 33.71–.75 (West 2015). Wade then concluded his notice by attempting to invoke the jurisdiction of the court of appeals and once again stating that he desired to appeal the "final judgment." While this notice conferred jurisdiction on the district court to hear Wade's appeal from the master's report, it does not invoke the appellate jurisdiction of this court. *See id.* § 33.74 (appeal of master's report is to court that referred case to master).

To the extent that Wade's July 26 notice also sought to invoke this court's jurisdiction, his attempt to do so fails because this court has no jurisdiction to hear an appeal from a master's report as opposed to the final judgments of district and

county courts. *See id.* 33.74(i); TEX. CIV. PRAC. & REM. CODE § 51.012 (West 2015); *see also Phagan v. Aleman*, 29 S.W.3d 632, 634 & n.1 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (notice of appeal from child support master's recommended order invoked jurisdiction of district court authorized by statute to hear appeal but not jurisdiction of court of appeals).

One could argue that Wade's July 26 notice of appeal evidences an intention to appeal from both the master's report to the district court and any judgment conforming to the report that the district court might subsequently render to the court of appeals. *See In re J.M.*, 396 S.W.3d 528, 529–31 (Tex. 2013) (per curiam) (motion for new trial joined with notice of appeal invoked appellate jurisdiction because it "expressed an intent to appeal to the court of appeals and was partially entitled a notice of appeal, which constituted a bona fide attempt to invoke appellate jurisdiction"). But this is inconsistent with the text of Wade's July 26, 2014 notice, which stated a desire to appeal from the "final judgment" signed on July 16, 2014— the master's report—and none other. While Wade concluded his notice by stating a desire to "appeal the trial court's final judgment against him" to the court of appeals, "final judgment" is the term he used earlier in the notice to refer to the master's report. This reading of Wade's July 26 notice is bolstered by the fact that he filed it on the 10-day deadline for appealing from the master's report to the district court and by his subsequent (untimely) February 15, 2015 notice of appeal in this court,

in which he explicitly stated a desire to appeal from the district court's judgment to this court. Therefore, we hold that the July 26 notice was not a bona fide attempt to invoke this court's jurisdiction with respect to the judgment that the district court subsequently rendered. *Cf. Approx. $8,500 v. State*, No. 01-09-00316-CV, 2010 WL 4676986, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 18, 2010, no pet.) (mem. op.) (document entitled "motion for appeal" addressed to specific district judge held not to be "bona fide attempt" to invoke appellate jurisdiction).

Finally, Wade argues that his affidavit of inability to pay costs, which he filed 34 days after the district court signed its August 1, 2014 judgment, was a bona fide attempt to invoke appellate jurisdiction and thus makes this appeal timely regardless of when his actual notice of appeal was filed. The law is to the contrary. *See In re J.W.*, 52 S.W.3d 730, 733 (Tex. 2001) (per curiam) (noting that "an affidavit of indigence is no longer used to invoke appellate jurisdiction"); *Singh v. Shaghagi*, No. 01-11-00996-CV, 2012 WL 2921847, at *1 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.) (per curiam) (mem. op.) (holding that affidavit of indigence was not bona fide attempt to invoke appellate jurisdiction); *In re R.B.M.*, 338 S.W.3d 755, 757 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same).

In sum, we conclude that Wade timely appealed to the district court from the master in chancery's report via his July 26, 2014 notice of appeal, but he untimely appealed to this court from the district court's final judgment via his February 15,

2015 notice of appeal. Therefore, we lack jurisdiction to hear Wade's appeal.

## Conclusion

We dismiss Wade's untimely appeal for lack of jurisdiction.


                                       Harvey Brown
                                       Justice

Panel consists of Justices Bland, Brown, and Lloyd.