**Opinion issued May 2, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00873-CV

————————————

## STEVE RAMON, JR., Appellant

## V.

## COLONIAL COUNTY MUTUAL INSURANCE COMPANY, AS SUBROGEE OF CYNTHIA ST. JULIAN, Appellee

On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Case No. 2011-19328

## MEMORANDUM OPINION

Appellant, Steve Ramon, Jr., attempts to appeal from a final default judgment, signed on June 5, 2012. We dismiss the appeal for lack of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding motion for extension of time is implied when appellant, acting in good faith, files notice of appeal beyond rule 26.1 deadline and within rule 26.3 fifteen-day extension period).

Here, the trial court signed the final default judgment on June 5, 2012. The clerk's record filed in this Court on March 1, 2017, does not reflect that appellant filed a motion for new trial, motion to modify, or request for findings of fact and conclusions of law that would have extended the time to file a notice of appeal. Accordingly, appellant's notice of appeal was due by July 5, 2012, or by July 20, 2012, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt*, 959 S.W.2d at 617. Appellant untimely filed his notice of appeal on October 27, 2016.

On March 14, 2017, the Clerk of this Court notified appellant, at the address provided in the clerk's record, that his appeal was subject to dismissal for want of jurisdiction unless, by March 28, 2017, he filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). The notice was returned with the following marked on the envelope: "return to sender, not deliverable as addressed, unable to forward." Appellant has not provided any other mailing address or responded to the March 14, 2017 notice.[1] *See* TEX. R. APP. P. 42.3(a); *see also id.* 9.1(b) (requiring unrepresented party to provide his mailing address on all documents filed with court).

Appellant's notice of appeal, filed on October 27, 2016, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

---

[1] Appellant's notice of appeal did not include a mailing address, telephone number, or email address. *See* TEX. R. APP. P. 9.1(b).