ACCEPTED
03-17-00848-CV
21548416
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/2/2018 11:21 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-17-00848-CV

---

**IN THE COURT OF APPEALS**
**FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/2/2018 11:21:51 AM
JEFFREY D. KYLE
Clerk

**VAUGHN YOUNG,**
*Appellant,*

**V.**

**DEPARTMENT OF FAMILY**
**AND PROTECTIVE SERVICES,**
*Appellee.*

**On Appeal from the 126th Judicial District Court of Travis County, Texas;**
**Cause No. D-1-GN-14-004232; Before the Honorable Scott Jenkins**

## APPELLEE'S OPPOSED MOTION TO DISMISS APPEAL

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

COMES NOW THE Texas Department of Family and Protective Services ("Department") and files its Motion to Dismiss Appeal because the Court lacks subject-matter jurisdiction over this case.

### I. BACKGROUND

Young filed a suit for judicial review of an agency order that her name be placed on the Employee Misconduct Registry. The Department filed a Plea to the

Jurisdiction, alleging two bases: Young's failure to serve the Department for two years, and her failure to file a motion for rehearing of the administrative order. Young never responded to the Plea to the Jurisdiction. In May of 2017, approximately three months before the hearing on the Department's Plea to the Jurisdiction, the trial court granted the Department's Motion to Show Authority and removed Young's attorney from representing her in this cause. The trial court granted the Plea on August 15, 2017, and dismissed Young's lawsuit for lack of subject matter jurisdiction. While no testimony was taken during the hearing for the Department's Plea, attached to the Plea was copious documentation illustrating the lack of due diligence in having the Department served.

Young next filed a Motion for New Trial on August 29, 2017, which extended the appellate deadline to November 13, 2017. Young filed her Notice of Appeal on December 14, 2017. To date, Young has not filed a Motion to Extend Time to file her Notice of Appeal.

## II.    MOTION TO DISMISS

### A.  Young's appeal is untimely and should be dismissed.

"An appeal is perfected when a written notice of appeal is filed with the trial court clerk." Tex. R. App. P. 25.1(a). Appeals in Texas are to be filed within thirty days of the final judgment absent the filing of post-judgment pleadings as specified in the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.1. In Young's case,

2

that deadline was extended to ninety days because Young filed a Motion for New Trial. Tex. R. App. P. 26.1(a).

Moreover, there are other appellate rules which address this issue. For example, while an appellate court can "suspend a rule's operation in a particular case and order a different procedure . . . a *court must not construe this rule to . . . alter the time for perfecting an appeal in a civil case.* (Emphasis added). To paraphrase, an appellate court cannot change the appellate deadline absent some provision in the Texas Rules of Appellate Procedure.

Additionally, under certain circumstances, the appellate court can dismiss an appeal "because the appellant has failed to comply with a requirement of these rules, a court order . . ." Tex. R. App. P. 42.3(c).

## B. Absent a timely filed motion to extend the appellate deadline, the Court lacks jurisdiction to hear this appeal.

The Order on Defendant's Plea to the Jurisdiction was granted on August 15, 2017, dismissing Young's case. Because Young filed a Motion for New Trial, the appellate deadline became November 13, 2017. Young missed that deadline, leaving this Court without jurisdiction. *Wade v. Harris Cty.*, No. 01-15-00155-CV, 2016 Tex. App. LEXIS 7224 at *2 (Tex. App.—Houston [1st Dist.] July 7, 2016, pet. denied) ("A party who wishes to appeal to this court generally must file a notice of appeal within 30 days after the trial court signs its judgment or within 90 days if any party files a motion for new trial. Tex. R. App. P. 26.1. These deadlines are

jurisdictional."); *Brown Mech. Servs. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 42–43 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Campbell v. Wells Fargo Home Mortg.*, No. 03-10-00481-CV, 2010 Tex. App. LEXIS 9782 at *3 (Tex. App.—Austin, Dec. 10, 2010, no pet.) ("Because the Campbells did not timely perfect their appeal, we must dismiss their appeal for want of subject-matter jurisdiction.").

If Young had filed a motion to extend time to file her appeal within the next fifteen days, or by November 28, 2017, the appellate court could have granted the motion and her appeal would then have been timely. Tex. R. App. P. 10.5(b), 26.3. However, Young failed to meet the deadline to file a motion to extend the time to file her appeal as well.

## CONCLSION

Because Young filed her Notice of Appeal untimely and further failed to file the required notice to extend time her appeal is untimely and the Court lacks jurisdiction to hear her case.

## PRAYER

Appellee, Texas Department of Family and Protective Services, prays that this Court grant its Motion to Dismiss Appeal for lack of subject-matter jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

4

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

NICHOLE BUNKER-HENDERSON
Chief, Administrative Law Division

/s/ Ellen M. Sameth
ELLEN M. SAMETH
Assistant Attorney General
Texas State Bar No. 17555550
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548
Austin, Texas  78711-2548
Telephone: (512) 936-1838
Facsimile:  (512) 457-4608
E-mail: ellen.sameth@oag.texas.gov
ATTORNEYS FOR TEXAS DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES


**CERTIFICATE OF CONFERENCE**

I certify that on January 2, 2018, I conferred via e-mail with Samuel Sarfo, attorney for Appellant, and that he opposes this Motion.


/s/ Ellen M. Sameth
Ellen M. Sameth
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

I certify that this Motion complies with Texas Rule of Appellate Procedure 9 and the word count of this document is 757. 2016 Microsoft Word was used to prepare this filing and count the words in it.

/s/ Ellen M. Sameth
Ellen M. Sameth
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

Samuel Adjei Sarfo
7901 Cameron Road, Ste. 2-242
Austin, Texas 78754
Telephone: 512-297-0227
Facsimile: 512-441-3413
Email: lawyersarfo@yahoo.com

/s/ Ellen M. Sameth
Ellen M. Sameth
Assistant Attorney General