**Opinion issued November 13, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00817-CV

———————————

**LARRY COLEMAN HICKS, Appellant**

**V.**

**DAWN RENAE FOREMAN, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 77123-F**

---

## MEMORANDUM OPINION

Appellant, Larry Coleman Hicks, attempts to appeal from the trial court's final

divorce decree, signed on November 10, 2015.

We dismiss the appeal for lack of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the final divorce decree on November 10, 2015. Because appellant did not file a motion for new trial, motion to modify, or request for findings of fact and conclusions of law, a notice of appeal was due by December 10, 2015, or by December 28, 2015, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1(a), 26.3. Appellant filed his notice of appeal more than two and one-half years later on September 12, 2018.

The Clerk of this Court notified appellant that the appeal was subject to dismissal for lack of jurisdiction unless he filed a response showing how this Court has jurisdiction over his appeal. Appellant did not adequately respond and did not show that we have jurisdiction over the appeal. Appellant's notice of appeal, filed on September 12, 2018, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.