**Opinion issued December 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00578-CV

———————————

**ALEJANDRO GONZALEZ, JEANETTE GONZALES,
AND SERGIO INIQUEZ, Appellants**

**V.**

**MJZ INVESTMENTS, LLC, Appellee**

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Case No. 2023-52926**

---

## MEMORANDUM OPINION

On August 1, 2024, appellants filed a notice of a notice of appeal from a default judgment order signed on April 15, 2024. Appellants timely filed a motion for new trial on May 15, 2024, which was denied on July 22, 2024. On August 19, 2024, appellants filed a motion to extend the time to file their notice of appeal.

Appellee filed a response asserting that, due to the untimeliness of appellants' notice of appeal and extension motion, our Court no longer has jurisdiction to grant an extension and must dismiss the appeal. We agree and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed its default judgment on April 15, 2024. Appellants' timely filing of a motion for new trial extended the notice of appeal deadline to ninety days from the date of the judgment. TEX. R. APP. P. 26.1(a). Accordingly, appellants' notice of appeal was due by July 15, 2024. *See id.*; *see also* TEX. R. APP.

P. 4.1(a) (extending deadline to file notice of appeal from Sunday to Monday). A motion for extension of time to file a notice of appeal was due by July 30, 2024. *See* TEX. R. APP. P. 26.3.

Appellants' August 1, 2024 notice of appeal was filed seventeen days after the July 15, 2024 notice of appeal deadline and two days after the fifteen-day extension of time permitted by Rule 26.3 had run. *See* TEX. R. APP. P. 26.1(a), 26.3. Additionally, appellants' August 19, 2024 motion requesting an extension of time to file their notice of appeal was filed twenty-one days after Rule 26.3's fifteen-day extension period had run. Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (citing *Verburgt*, 959 S.W.2d at 615); *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Because appellants failed to file either their notice of appeal or their extension motion within fifteen days of the notice of appeal deadline, we lack authority to grant the extension they request. *See Cammack v. Hierholzer*, No. 04-17-00271-CV, 2017 WL 2124476, at *1 (Tex. App.—San Antonio May 17, 2017, no pet.) (per curiam) (mem. op.). Appellants' notice of appeal is untimely and we therefore lack jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP.

P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.